Petition for **Naturalization** of Teresa **HORVATH.**

No. 377.

United States District Court N. D. West Virginia, at Fairmont. Oct. 20, 1958.

· M. Y. Steinberg, Pittsburgh, Pa., for petitioner.

Ned Haimovitz, Immigration and Naturalization Service, Pittsburgh, Pa., Designated Naturalization Examiner.

HARRY E. WATKINS, Chief Judge.

This is a final hearing upon a petition for naturalization of Teresa Horvath, a native of Hungary, who was born March 23, 1898, and has resided continuously in the United States since her lawful admission for permanent residence on March 31, 1921. Naturalization is opposed by the Government, on grounds set forth in "Findings of Fact, Conclusions of Law, and Recommendation of Designated Naturalization Examiner," which has been filed.

One of the grounds upon which naturalization is opposed by the Examiner

is that petitioner is barred by Section 318 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1429, because there is outstanding against her a final finding of deportability, a copy of which is filed with the Examiner's recommendation. Petitioner appears in person and by counsel, and her counsel states that no resistance is made to the denial of naturalization on this ground, but rather petitioner admits the existence of such an outstanding order, that it is final, and that under Section 318 she is precluded from naturalization.

A second ground set forth by the Examiner as a basis for his recommendation of denial is that petitioner is barred by Section 305 of the Nationality Act of 1940, as amended by Section 313 of the Immigration and Nationality Act. Petitioner's counsel indicates that the denial of naturalization on this ground is resisted, and seeks permission of this Court to have an extension of time in order to engage local counsel and file an answer to the Examiner's findings, conclusions and recommendation, preparatory to a hearing on the matter. However, since petitioner does not object to the entry of an order denying naturalization on the sole ground of the outstanding deportation order, the question of whether or not Section 305 is applicable here becomes moot and a hearing is unnecessary. Therefore, it is also unnecessary for petitioner to file any answer resisting denial under Section 305.

### Findings of Fact

1. Petitioner is an alien and filed a petition for naturalization on August 27, 1945.

2. A final order of deportability dated January 6, 1953, is outstanding against petitioner.

### Conclusions of Law

1. By virtue of Section 318 of the Immigration and Nationality Act, petitioner may not be naturalized because of the outstanding order of deportability.

2. This petition for naturalization is denied.